NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELVIN LAWRENCE KRIGSMAN,   :
                                Civil Action No. 05-2673 (RBK)
          Petitioner,   :

          v.             :    **OPINION**

FEDERAL BUREAU OF PRISONS,   :
et al.,
          Respondents.  :

**APPEARANCES:**

Petitioner pro se              Counsel for Respondents
Elvin Lawrence Krigsman       Dorothy J. Donnelly, Esq.
F.C.I. Fort Dix              Asst. U.S. Attorney
P.O. Box 1000               402 East State Street
Fort Dix, NJ 08640          Room 430
                                Trenton, NJ 08608

**KUGLER**, District Judge

    Petitioner Elvin Lawrence Krigsman, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The Respondents are the Federal Bureau of Prisons, Warden John Nash, and Harley Lappin.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## I.  <u>BACKGROUND</u>

Petitioner asserts that he is serving a term of imprisonment of 37 months.  On May 3, 2005, the administrative staff of FCI Fort Dix Camp provided to Petitioner a Sentence Monitoring Computation Data Form which provides for a projected statutory release date of January 11, 2007, taking into account good conduct time.  The Sentence Monitoring Computation Data Form also provides a pre-release preparation date of October 6, 2006, the date he is eligible to be transferred to a Community Corrections Center ("CCC").

Petitioner contends that his pre-release preparation date was calculated pursuant to a Bureau of Prisons' December 2002 policy, which he characterizes as "illegal" because it conflicts with 18 U.S.C. §§ 3621(b) and 3624(c).

Respondents have filed a Motion [Docket Entry No. 4] to dismiss the Petition as moot, on the grounds that the December 2002 policy has been superceded by regulations which took effect February 14, 2005, which Petitioner has not specifically challenged.

Petitioner has not responded to the Motion to Dismiss nor has he sought leave to amend the Petition to assert any other challenges to the calculation of his pre-release preparation date.

II.  <u>ANALYSIS</u>

This Court has previously held that the BOP December 2002 policy is invalid.  <u>See</u> <u>Cestaro v. DeRosa</u>, 04-cv-0792(RBK) (D.N.J. July 6, 2004).  It is apparent, however, that the December 2002 policy did not govern the pre-release preparation date for Petitioner, who was already confined on February 14, 2005, the effective date of the new BOP regulations.  <u>See</u> 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, Petitioner's claims are moot and the Petition must be dismissed.

The Court notes, however, that during the pendency of this Petition, the Court of Appeals for the Third Circuit decided <u>Woodall v. Federal Bureau of Prisons</u>, 432 F3d. 235 (3d. Cir. 2005), which now governs the pre-release planning for federal prisoners.  In <u>Woodall</u>, the Court of Appeals considered and rejected the validity of the February 14, 2005, regulations.  The Court held that both initial placement decisions and pre-release transfer decisions must be individualized determinations based upon the factors enumerated in § 3621(b).  This Court expresses no opinion as to whether Respondents are in compliance with <u>Woodall</u> with respect to Petitioner's pre-release planning.

3

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed.   An appropriate order follows.


<u>S/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: March 17, 2006

4